UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

2017 MAY 12 PM 3: 27

FILED

JEREMIAH HACKLER, on behalf
of himself and those similarly situated,

    Plaintiff,

v.

CASE NO.2 : 17 -CV -28 - FtM-2r mRM

R.T. MOORE CO., INC.,
an Indiana Profit Corporation,

**COLLECTIVE ACTION**

    Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL

Plaintiff, JEREMIAH HACKLER ("HACKLER" or "Plaintiff), on behalf of himself and other employees and former employees similarly situated, by and through his undersigned counsel, sues the Defendant, R.T. MOORE CO., INC., ("R.T. MOORE" or "Defendant"), and states as follows:

### NATURE OF ACTION

1.    Plaintiff alleges on behalf of himself and other similarly situated current and former employees of Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 – 219; (iii) entitled to declaratory relief pursuant to 28 U.S.C. § 2201; and (iv) entitled to reasonable attorneys' fees and costs pursuant to the FLSA.

## JURISDICTION

2.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. §1343.

3.      The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4.      The Defendant is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not isolated activity within this judicial district.

5.      The Defendant is also subject to the personal jurisdiction of the United States District Court because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida.

6.      Moreover, the common policy, plan and/or scheme that form the basis of the instant case (i.e. Defendant's failure to pay overtime premiums to its employees when they worked in excess of 40 hours in a workweek), was created and/or carried out within Middle District.

## FLSA COVERAGE

7.      At all times material hereto, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

8.      At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9.      Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10.    At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

11.    At all times material, Defendant had gross sales volume of at least $500,000 annually.

12.    At all times material hereto, Defendant was and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.    At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14.    At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## PARTIES

15.    At all times material hereto, Plaintiff was and continues to be a resident of Lee County, Florida, in the Middle District of Florida.

16.    At all times material hereto, Plaintiff was a plumber and performed related duties for the Defendant.

17.    At all times material hereto Defendant was, and continues to be, an Indiana corporation engaged in the transaction of business in Fort Myers, Lee County, Florida, with its principal place of business located in Indianapolis, Indiana. Defendant maintains a branch location in Fort Myers, Florida.

## STATEMENT OF FACTS

18. Defendant handles primarily new construction plumbing in approximately seventeen (17) states across the United States. Defendant maintains offices in Indianapolis, Indiana (Headquarters), Sarasota, Florida, and Fort Myers, Florida.

19. Defendant has employed, and continues to employ, hundreds of other individuals as plumbers who performed and continue to perform the same or similar job duties under the same pay provisions as Plaintiff and the class members.

20. Plaintiff was employed by Defendant as a plumber.

21. Plaintiff worked as a plumber for Defendant from approximately April 2012, through approximately May 2015.

22. As a plumber, Plaintiff was paid on a piece-rate basis for the jobs he performed for the Defendant. To that end, Plaintiff was paid solely by production. Plaintiff was not paid any additional pay for overtime for hours in excess of forty (40) in a workweek.

23. Plaintiff, and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

24. Defendant, through its policy and practice, has violated 29 U.S.C. § 207 and continues to violate same to date, in the following manner:

   a. Plaintiff and others similarly situated worked in excess of forty (40) hours per week for his period of employment with Defendant;

   b. No payments, or insufficient payments and/or provisions for payment, have been made by the Defendant to properly compensate Plaintiff and others similarly situated at the statutory rate of one and one-half times the regular

4

rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendant has failed to maintain accurate time records as mandated by the FLSA.

25.     Plaintiff has retained GUNTERFIRM to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff and the putative class members are current and past plumbers that were employed by the Defendant. Plaintiff and the putative class members performed the same or similar job duties, specifically they performed duties customarily performed by plumbers in new construction contracting.

27.     Further, Plaintiff and the putative class members were subjected to the same pay provisions in that they were all paid on a piece-rate basis.

28.     Further, Plaintiff and all others similarly situated were not compensated an additional overtime premium at time and one-half for all hours worked in excess of forty (40) hours in a workweek. Therefore, Plaintiff and all others similarly situated are owed overtime wages for hours worked in excess of forty (40) hours.

29.     Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that plumbers are/were paid for overtime hours worked based on the Defendant's uniform pay policy, under which it paid its plumbers solely by production, regardless of how many hours they worked each week.

30.     This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice did/does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in non-payment of overtime to Plaintiff applied and continues to apply to all prospective class members. Accordingly, Plaintiff seeks to identify a class as defined as follows:

**All plumbers who worked for the Defendant R.T. Moore Co. Inc.. at any time during the past three (3) years (from the filing the Complaint) who were paid on a piece rate basis but who were not compensated an additional overtime premium for any hours worked in excess of forty (40) hours in one or more workweeks.**

31.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

32.     During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time and one-half for all hours worked in excess of forty (40) hours in a workweek.

33.     Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

**COUNT I**

**<u>VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)</u>**

34.     Plaintiff realleges Paragraphs 1 through 33 as if fully stated herein.

35.     From at least April 2012, and continuing through May 2015, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

36.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

37.     At all times material hereto, Defendant failed, and continues to fail, to maintain accurate time records as mandated by the FLSA.

38.     To date, Defendant continues to fail to pay its plumber employees their FLSA mandated overtime pay, despite its recognition that the position is non-exempt and entitled to same.

39.     Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

40.     As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

41.     Due to the intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

42.     Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

    a.  Designating this action as a collective action on behalf of those similarly situated to Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of a FLSA Opt-In Class, appraising

them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the interests of the collective action members;

b.  Declaring that Defendant has violated the maximum hour provisions of 29 U.S.C. § 207;

c.  Awarding Plaintiff overtime compensation in amounts according to proof;

d.  Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

e.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f.  Awarding Plaintiff post-judgment interest; and

g.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

By: _____
Jason L. Gunter, Esq.
Florida Bar No. 0134694
Conor P. Foley, Esq.
Florida Bar No. 111977
GUNTERFIRM
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: (239) 334-7017
Fax: (239) 236-8008
E-mail: jason@gunterfirm.com
Email: conor@gunterfirm.com
Counsel for Plaintiff