UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMIAH HACKLER, on behalf of himself and those similarly situated,

    Plaintiff,

v.                              Case No: 2:17-cv-262-FtM-29MRM

R.T. MOORE CO., INC., an Indiana profit corporation,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss or, alternatively, Stay Proceedings and Compel Arbitration (Doc. #18) filed on July 3, 2017. Plaintiff filed a Response in Opposition (Doc. #24) on July 31, 2017, and defendant filed a Reply (Doc. #27) on August 15, 2017. For the reasons set forth below, defendant's motion to stay proceedings and compel arbitration is granted and the motion to dismiss is denied.

**I.**

On June 12, 2017, plaintiff Jeremiah Hackler (Hackler) filed a Collective Action Complaint under the Fair Labor Standards Act on behalf of himself and other similarly-situated individuals (Doc. #1) against defendant R.T. Moore Co., Inc. (Moore). The Complaint asserts that during plaintiff's employment with Moore,

plaintiff was not paid overtime and minimum wage pay in accordance with the Fair Labor Standards Act (FLSA). (Id. ¶ 1.)

Hackler was employed with Moore as a plumber intermittently from 2012 through 2015. (Id. ¶ 35.) In January 2015, after a period of not being employed by Moore, Hackler resubmitted an application for employment and was rehired. (Doc. #18, ¶¶ 3-4.) On January 15, 2015, plaintiff and Moore voluntarily entered into an Agreement to Arbitrate Certain Disputes (the "Arbitration Agreement"). (Id. ¶ 5; Doc. #18-1.) The Arbitration Agreement outlines the process for resolving disputes between Moore and its employees, and provides the following:

> If any Dispute which is not resolved to your satisfaction through informal means, and either you or the Company wish to pursue the matter further, the Dispute must be referred to mandatory binding arbitration to be administered by the American Arbitration Association in accordance with its Employment Arbitration Rules and Mediation Procedures ("AAA Rules") in effect at the time of the initiation of the arbitration.

(Doc. #18-1, pp. 2-3.)[1]

---

[1] The Arbitration Agreement defines "Dispute" as "any claim arising from, relating to, or having any relationship or connection whatsoever with the Fair Labor Standards Act or any state wage and hour statute or any other claim or cause of action alleging you were improperly or insufficiently paid wages[.]" (Doc. #18-1, p. 2.) Whether the underlying claims fit within the Arbitration Agreement's definition of Dispute has not been challenged by any of the parties.

The Arbitration Agreement provides that a party with a Dispute shall provide written notice to the other party within six months of the accrual of any claim. (Id. at 3.) Specifically, the Arbitration Agreement states:

> [A]ny party with a Dispute must give written notice to the other party within six months of the accrual of the claim; otherwise the claim shall be void and deemed waived even if there is a state or federal statute which would have given more time to pursue the claim.

(Id.) The Arbitration Agreement also contains a waiver of the right to bring and/or participate in a class (or collective) action against Moore. (Id. at 7.) Specifically, the provision provides:

> To the fullest extent permitted by law, you hereby waive any right to participate in a class action or to bring any claim against the Company as part of a class. Any Dispute or proceeding shall be pursued on an individual basis.

(Id.)

On April 13, 2015, Moore terminated plaintiff's employment, and on May 12, 2017, plaintiff brought the underlying Complaint under the FLSA. (Doc. #1; Doc. #18, ¶¶ 11-12.) Defendant now moves to dismiss or, alternatively, to stay the proceedings and compel Hackler to arbitrate his claims, asserting that the binding Arbitration Agreement prevents Hackler from participating in this lawsuit. (Doc. #18.) Specifically, Moore asserts that:

(i) Hackler failed to submit his FLSA claims to final and binding arbitration prior to filing a lawsuit against Moore in federal court; (ii) Hackler failed to provide Moore with a minimum of six months' notice of accrual of Hackler's claim against Moore and therefore Hackler's claim is void and waived; and (iii) Hackler improperly brought a collective action against Moore. (Id. ¶ 13.)

Hackler filed a Response in Opposition only challenging the provision requiring written notice within six months of the accrual of plaintiff's claim. (Doc. #24, p. 7.) Hackler asserts this provision is unenforceable because it violates the FLSA by extinguishing the substantive right to recovery otherwise afforded under the FLSA, and asks the Court to deem the notice provision invalid and sever it from the Arbitration Agreement. (Id.)

## II.

The Federal Arbitration Act (FAA) "creates a strong federal policy in favor of arbitration." Picard v. Credit Sols., Inc., 564 F.3d 1249, 1253 (11th Cir. 2009). The FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save

> upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  Under the FAA, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration" under an agreement, a district court "shall on application of one of the parties stay the trial of the action until such arbitration" has occurred.  9 U.S.C. § 3.  Here, plaintiff is not denying that he has agreed to arbitrate disputes such as this one pursuant to the Arbitration Agreement (Doc. #24), and there is no doubt that the Arbitration Agreement is subject to the FAA.  Upon a finding that claims are subject to arbitration, the matter should be stayed, and not dismissed, pending arbitration.  <u>Bender v. A.G. Edwards & Sons, Inc.</u>, 971 F.2d 698, 699 (11th Cir. 1992).  Therefore, defendant's motion to dismiss will be denied.

What plaintiff does challenge is the provision in the Arbitration Agreement that requires him to provide notice within six months of the accrual date of his claim or suffer the loss of the claim.  (Doc. #24.)  Plaintiff asserts that this provision effectively shortens the statute of limitations for his FLSA claims and precludes him from bringing claims for FLSA violations that he would otherwise be entitled to bring in the district court.  This in turn circumvents the purpose of the FLSA and

operates as an unlawful cap on damages recoverable under the FLSA. (Id. at 3.)

The lawfulness of this notice requirement is a matter for the court to determine. Wiand v. Schneiderman, 778 F.3d 917, 924 (11th Cir. 2015). "Ordinarily, when one party challenges the validity of an arbitration clause on the ground that it contains unenforceable remedial restrictions, the court must first determine whether those remedial restrictions are, in fact, unenforceable—either because they defeat the remedial purpose of another federal statute . . . under generally applicable state contract law." Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship, 432 F.3d 1327, 1331 (11th Cir. 2005). If "some or all of its provisions are not enforceable, then the court must determine whether the unenforceable provisions are severable." Id. Determining whether the unenforceable provision is severable from the arbitration clause requires examination of the applicable state contract law. Id.

**A. Enforceability under the FLSA**

The Supreme Court has said that "even claims arising under a statute designed to further important social policies may be arbitrated because 'so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum,' the statute serves its functions." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 90 (2000). See

also Paladino v. Avnet Comput. Techs., Inc., 134 F.3d 1054, 1062 (11th Cir. 1998) (Cox, J., concurring) ("But the arbitrability of such claims rests on the assumption that the arbitration clause permits relief equivalent to court remedies." (citation omitted)). "[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (citation omitted).

Courts routinely emphasize the importance of the protections afforded by the FLSA. E.g., Douglas v. Xerox Bus. Servs., LLC, 875 F.3d 884, 887 (9th Cir. 2017); Morrison v. County of Fairfax, 826 F.3d 758, 761 (4th Cir. 2016). The Supreme Court has stated:

> The legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce. To accomplish this purpose standards of minimum wages and maximum hours were provided. Neither petitioner nor respondent suggests that the right to the basic statutory minimum wage could be waived by any employee subject to

> the Act. No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act.

Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945) (footnotes omitted). The Eleventh Circuit goes as far as requiring the district court's approval of settlements covering FLSA claims prior to the settlement becoming final in order to protect the rights of the employees. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982).

The FLSA provides for a two-year statute of limitations period for violations, and a three-year statute of limitations for instances of willful violations. 29 U.S.C. § 255(a). A claimant's claim accrues each time an employer issues a deficient paycheck. Knight v. Columbus, 19 F.3d 579, 581 (11th Cir. 1994). Thus, the statute of limitations period has a direct correlation to the amount of recovery that an employee is entitled to obtain, and has been described as being both procedural and substantive. Mazurkiewicz v. Clayton Homes, Inc., 971 F. Supp. 2d 682, 690-91 (S.D. Tex. 2013). For example, limiting the statute of limitations from two or three years to six months reduces the potential recovery to 25% or 16-2/3% percent, respectively, of what could otherwise be recoverable if the action is brought in a district court.

Most courts that have examined provisions in arbitration agreements that contractually shorten the FLSA statute of

limitations period have found them to be contrary to the FLSA and unenforceable. Boaz v. FedEx Customer Info. Servs., Inc., 725 F.3d 603, 606-07 (6th Cir. 2013) (holding that the six-month limitations provision in the employment agreement operated as a waiver of her FLSA claim and was therefore invalid); Mazurkiewicz, 971 F. Supp. 2d at 686, 689-91 (finding that shortening of FLSA statute of limitations to six months limited plaintiff's substantive right to recover and was therefore unreasonable and unenforceable); Taylor v. Am. Income Life Ins. Co., No. 1:13CV31, 2013 WL 2087359, at *3 (N.D. Ohio May 14, 2013) (finding that a 30-day statute of limitations period "all but eliminates [the FLSA] statute-of-limitations period and practically eviscerates an employee's right to relief"); Pruiett v. W. End Rests., LLC, No. 3:11-00747, 2011 WL 5520969, at *5 (M.D. Tenn. Nov. 14, 2011) (finding that "shortening the statute of limitations for an FLSA claim necessarily precludes a successful plaintiff from receiving full compensatory recovery under the statute"). The Court agrees with these cases.

In its motion, defendant cites to Sanders v. Comcast Cable Holdings, LLC, No. 3:07-cv-918-J-33HTS, 2008 WL 150479, at *1 (M.D. Fla. Jan. 14, 2008) for the proposition that a contractual provision shortening the applicable statute of limitations is not contrary to public policy. (Doc. #18, p. 9.) That case, however, does not deal with claims brought under the FLSA which,

as the Court pointed out, Congress enacted in order to provide special protections to employees. Therefore, the Court finds <u>Sanders</u> to be inapplicable to the case at hand.[2]

The Court finds that the six-month notice provision in the Arbitration Agreement precludes plaintiff from vindicating his rights set forth under the FLSA and is therefore unenforceable. The notice provision interferes with substantive rights under the FLSA by precluding plaintiff from recovering what he would potentially otherwise be able to recover would he have brought his claim in the district court.

Since this notice provision is unenforceable, the Court must now look to Florida law to determine whether it is severable pursuant to the severability clause in the Arbitration Agreement. For the reasons set forth below, the Court concludes that it is severable.

**B. Severability of the Unenforceable Provision**

Courts looks to state law in determining whether the unenforceable provision should be severed from an arbitration agreement and the remainder enforced, or whether the unenforceable provision renders the entire arbitration agreement

---

[2] Defendant also cites to the Eleventh Circuit's decision in <u>Maxcess, Inc. v. Lucent Techs., Inc.</u>, 433 F.3d 1337 (11th Cir. 2005) for the same proposition. (Doc. #18, p. 9.) However the Court in <u>Maxcess</u> also did not deal with claims brought under the FLSA.

unenforceable. Jackson v. Cintas Corp., 425 F.3d 1313, 1317 (11th Cir. 2005). The Arbitration Agreement contains the following severability provision:

> The terms and conditions of this Agreement are severable. The invalidity or unenforceability of any provision shall not affect the application of any other provision. Where possible, consistent with the purpose [sic] this agreement, any otherwise invalid or unenforceable provision of this Agreement may be reformed and, as reformed, enforced.
>
> If any provision of this Agreement shall be found to be in conflict with a required provision of applicable law by any court of competent jurisdiction or the arbitrator, the conflicting provision of this Agreement shall be modified automatically to comply with the provision of applicable law.

(Doc. #18-1, p. 8.)

Under Florida law "a bilateral contract is severable where the illegal portion of the contract does not go to the essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other." Gessa v. Manor Care of Fla., Inc., 86 So. 3d 484, 490 (Fla. 2011) (alteration in original).

Here, the Court finds that the notice provision that purports to shorten the statute of limitations for FLSA claims does not go to the essence of the contract. The Arbitration Agreement is focused around providing an efficient alternative

method of resolving disputes surrounding plaintiff's employment. The notice provision is merely an ancillary procedural agreement that is not essential to the overarching purpose of the Arbitration Agreement. Without the notice provision, there still exists a valid contract. Therefore, the Court severs the notice provision shortening the statute of limitations period in FLSA claims from the Arbitration Agreement, and enforces the remainder of the Arbitration Agreement.[3]

Accordingly, defendant's Motion to Dismiss is denied. The alternative Motion to Stay Proceedings and Compel Arbitration is granted. The Court compels the parties to arbitrate plaintiff's individual claims, and stays these proceedings pending the outcome of the arbitration.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Dismiss is **DENIED**.

2. Defendant's Alternative Motion to Compel Arbitration (Doc. #18) is **GRANTED.**

---

[3] The defendant also raises that the collective action waiver in the Arbitration Agreement is enforceable. (Doc. #18, pp. 10-12.) The plaintiff has not responded to this argument. (Doc. #24.) Although the plaintiff has not responded, it is clear that the Eleventh Circuit holds that collective action waivers of FLSA claims are valid and enforceable. Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1334-36 (11th Cir. 2014). Therefore, only plaintiff's individual claims will proceed to arbitration.

3. The case is hereby **STAYED** pending notification by the parties that arbitration has been completed and either the stay is due to be lifted or the case is due to be dismissed.

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record